UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID JANKOWSKI,<br><br>  Defendant,<br><br>SUR MER #209, LLC,<br><br>  Interested Party. | Case No. 23-51094<br>Honorable Laurie J. Michelson<br>Chief Mag. Judge David R. Grand |

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [20] AND GRANTING THE GOVERNMENT'S MOTION TO DISMISS [9]**

As a result of a prior business deal gone bad, Sur Mer #209, LLC obtained a state court judgment against David Jankowski on July 28, 2022, in the amount of $143,340.00. This miscellaneous action stems, in part, from Sur Mer's third-party claim to Jankowski's bank funds that were subject to criminal forfeiture after Jankowski was convicted of health care fraud in 2022 based on criminal conduct that began back in 2011. Sur Mer claims its judgment entitles it to a portion of the funds that the government seeks to forfeit. The government disagrees, arguing that Sur Mer is an unsecured creditor and the relation-back doctrine of 21 U.S.C. § 853(c) means that the government's interest in the funds vested before Sur Mer's.

The government moved to dismiss Sur Mer's petition for lack of standing and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) & (b)(6). (*See* ECF No. 9.) Chief Magistrate Judge David R. Grand, to whom all pretrial matters were referred, issued a Report and Recommendation to deny the government's motion to dismiss. (ECF No. 20.) The Government filed an objection, which is currently before the Court. (ECF No. 23.) For the reasons below the Court will ADOPT IN PART and REJECT IN PART the recommendation (ECF No. 20) and will GRANT the government's motion to dismiss (ECF No. 9).

## I.

Following a trial, David Jankowski was convicted on July 11, 2022, of unlawful distribution of controlled substances, health care fraud, and conspiracy to commit the two offenses. He was sentenced to 240-months' imprisonment and ordered to pay $5.2 million in restitution to Medicare. *See United States v. Jankowski*, No. 17-20401, (E.D. Mich. *filed* May 18, 2023), ECF No. 253. A final order of forfeiture was also entered in the amount of $35 million. *Id.* at ECF No. 238. The Sixth Circuit affirmed Jankowski's conviction and sentence, including the forfeiture order. *United States v. Jankowski*, No. 23-1404, 2024 U.S. App. LEXIS 26960 (6th Cir. Oct. 23, 2024).

On May 5, 2023, the government filed an "Unopposed Application for First Amended Order of Forfeiture" in which it requested the forfeiture of three JP Morgan Chase Bank Accounts (hereinafter "the Bank Funds"). *Jankowski*, No. 17-20401, ECF No. 249. Then-presiding Judge Bernard A. Friedman entered a "First Amended Preliminary Order of Forfeiture" ordering the forfeiture of the Bank Funds pursuant

2

to 21 U.S.C. § 853 and 18 U.S.C. §§ 981(a)(1)(C) and 982(a). *Id.* at ECF No. 251, PageID.4684–4687. Judge Friedman further ordered that the government "publish notice of [the forfeiture order] and of its intent to dispose of the Bank Funds" and specified that the "notice shall direct that any person, other than the defendant, asserting a legal interest in the Bank Funds must file a petition with the Court within thirty (30) days of the final date of publication of notice." *Id.* The government complied. (ECF No. 2, PageID.40–41.)

On June 21, 2023, Sur Mer filed a third-party petition pursuant to 21 U.S.C. § 853(n)(2), arguing that it has a "legal right, title, or interest in the Bank Funds, and such a right, title, or interest renders the Preliminary Forfeiture Order invalid as to the Bank Funds." (*Id.* at PageID.8.) Attached to Sur Mer's third-party petition was a July 28, 2022, Oakland County Circuit Court civil judgment awarding Sur Mer a total of $143,340.00 in damages for its successful breach of contract claim against Jankowski. (*Id.* at PageID.13.)

The government moved to dismiss Sur Mer's petition for lack of standing and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) & (b)(6). (*See* ECF No. 9.) It argued that Sur Mer lacked standing because, "general unsecured creditors lack a legal interest in forfeited property sufficient to establish standing to contest forfeiture." (*Id.* at PageID.162); *see, e.g.*, *United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012) ("Statutory standing under § 853(n) requires that [petitioner] demonstrate a legal interest" in the claimed asset).

3

As for Rule 12(b)(6), the government made two arguments. First, it argued that while Sur Mer has a state court judgment against Jankowski for $143,340.00, "there is no evidence Sur Mer holds any form of recorded title or lien against the Bank Funds." (ECF No. 9, PageID.164.) "Thus, although Sur Mer may have a general unsecured interest in Dr. Jankowski's estate as a whole, Sur Mer lacks the required legal interest in the Bank Funds to support its third-party ancillary claim." (*Id.* at PageID.163.) Second, the government also argued that "[t]o prevail under 21 U.S.C. § 853(n)(6)(A) . . . Sur Mer must show that its interest in the [Bank Funds] is superior to the government's interest at the time of the commission of the act giving rise to the forfeiture." (*Id.* at PageID.164.) But, says the government, "because the Bank Funds are proceeds of Dr. Jankowski's criminal conduct, Sur Mer could never have a superior interest in the Bank Funds," since "proceeds of an offense do not exist before the offense is committed; and when they come into existence the government's interest under the relation-back doctrine immediately vests." (*Id.*)

In Sur Mer's response, it argued that to demonstrate standing a petitioner must simply "have a colorable ownership, possessory or security interest in at least a portion of the defendant property." (ECF No. 10, PageID.184 (quoting *United States v. $515,060.43 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998)).) It also says the Government' assertion "that an unsecured creditor never has standing to contest a criminal forfeiture" is incorrect and lacks any support. (*Id.*)

As for the government's argument under Rule 12(b)(6), Sur Mer said that "the Government properly acknowledges that all that is necessary to state a claim under

4

21 U.S.C. § 853(n)(6)(A) is for the petitioner to allege that he had a superior interest in the property at the time of the acts giving rise to the forfeiture." (*Id.* at PageID.176 (internal quotations omitted).) So the only question for the Court was whether Sur Mer's petition properly did so as viewed under Rule 12(b)(6). And, Sur Mer went on, by pleading that its "interest in the Bank Funds was superior to Jankowski's" coupled with "ample facts, including [an] attached [] judgment entered by the [state court]" its petition properly stated a claim. (*Id.* at PageID.176.) The government did not file a reply.

Shortly thereafter, all pretrial matters in this case were referred to Chief Magistrate Judge David R. Grand. (ECF No. 19.) On February 3, 2025, Judge Grand issued a Report and Recommendation to deny the government's motion to dismiss. (ECF No. 20.)

In his report and recommendation, Judge Grand first noted that Sur Mer's petition appeared to adequately allege facts sufficient to meet § 853(n)(6)(A)'s requirements because Sur Mer (1) alleged a "right, title, or interest to the Bank Funds" based on its state court judgment and (2) that its "right, title, or interest [to] the Bank Funds was superior to any right, title, or interest of Jankowski at the time of the commission of Jankowski's acts—beginning in January of 2010—giving rise to the forfeiture of the Bank Funds." (*Id.* at PageID.234.)[1] This, said the Magistrate Judge, "highlights that the fundamental factual premise of the United States' first

---

[1] While it does not affect the Court's ruling, the superseding indictment in Jankowski's criminal case alleges that the criminal conduct began in January 2011, not January 2010. *Jankowski*, No. 17-20401, ECF No. 69.

5

argument—that the Bank Funds are 'Dr. Jankowski's property'—may not be true depending on the evidence Sur Mer is able to muster." (*Id.* at PageID.234–235.)

Second, Judge Grand agreed with Sur Mer that "the cases on which the United States relies are distinguishable." (*Id.* at PageID.235.) First, he found that *United States v. Campos*, 859 F.2d 1233, 1238 (6th Cir. 1988) is "inapposite as it delt with a claim brought under § 853(n)(6)(B), which applies when the petitioner claims to have been a bona fide purchaser for value of the forfeited property, whereas Sur Mer's claim arises under § 853(n)(6)(A)." (*Id.*) Second, he reasoned that *United States v. Akhtar*, No. 17-2339, 2018 WL 5883930, at *2 (6th Cir. Sept. 19, 2018) was also "inapposite" because there, the claimant "failed to plead adequately that she had an interest in the money in her bank accounts that was superior to the interest of [the criminal defendant] at the time that money became subject to forfeiture," whereas here "Sur Mer alleges exactly such facts." (*Id.* at PageID.235–236.)[2] And finally, Judge Grand found *United States v. Hooper*, 229 F.3d 818 (9th Cir. 2000), distinguishable because it "was decided after the court held the type of evidentiary hearing Sur Mer is requesting, whereas here, the United States is seeking dismissal of Sur Mer's Petition before the hearing even takes place." (*Id.* at PageID.236.)

---

[2] As the Court more fully explains below, Sur Mer did not adequately plead that its interest in the Bank Funds at issue vested four years before Jankowski's criminal conduct. Rather, Sur Mer's pleading reveals that its legal interest did not vest until 2022, when it received a favorable state court judgment—more than a decade after the government's interest had already vested. Thus, this Court finds that *Akhtar*, 2018 WL 5883930, *2 is not "inapposite," but rather actually quite instructive.

6

Accordingly, Judge Grand found that "the United States has not shown that it is entitled to the dismissal of Sur Mer's Petition." (*Id.*)

## II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III.

Here, the government makes only one objection. (ECF No. 23.) It takes issue with "the Magistrate Judge's analysis of Sur Mer's allegation of its superior interest in the forfeited Bank Funds at issue." (*Id.* at PageID.242–243.) More specifically, it says that Judge Grand "did not consider that *no one* can have a legitimate interest or preexisting interest in criminal proceeds." (*Id.* at PageID.243.) The government argues that "[u]nder the 'relation-back doctrine,' codified at 21 U.S.C. § 853(c), the United States' interest in the Bank Funds vested at the time Jankowski committed

7

his criminal acts." (*Id.* at PageID.244.) "Therefore," says the government, "when the Bank Funds came into existence, the Government's interest under the relation-back doctrine immediately vested under 21 U.S.C. § 853(n)(6)(A)." (*Id.* at PageID.244–245.)

The government, however, did not object to Judge Grand's finding that Sur Mer has standing to bring its petition, and so this Court will adopt that portion of the report and recommendation.

### A.

To determine if the government's objection has merit, a bit of background is needed. Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853 governs the criminal forfeiture process. *See United States v. Oregon*, 671 F.3d 484, 487 (4th Cir. 2012) (laying out the statutory procedure under § 853(n) and Rule 32.2). If a third-party claimant (like Sur Mer) wishes to challenge a district court's criminal forfeiture order, it must do so in an ancillary proceeding under 21 U.S.C. § 853(n). *See United States v. 101 Houseco, LLC*, 22 F.4th 843, 847 (9th Cir. 2022) (citing *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) ("The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property.")). To prevail in such an ancillary proceeding the third-party claimant must either demonstrate (1) "priority of ownership at the time of the offense under § 853(n)(6)(A)," or (2) "that he subsequently acquired the property as a bona fide purchaser for value under § 853(n)(6)(B)." *United States v. Timely*, 507 F.3d 1125, 1130 (8th Cir. 2007). Only the first prong is at issue here.

8

At the outset of an ancillary proceeding, Federal Rule of Criminal Procedure 32.2(c)(1)(B) directs the court to first dispose of any motions brought by the government under Federal Rule of Criminal Procedure 32.2(c)(1)(A). And Rule 32(c)(1)(A) provides that the government can bring motions to dismiss the third-party petition for "lack of standing, for failure to state a claim, or for any other lawful reason." Courts consider such motions under the same standards that apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See United States v. Salti*, 579 F.3d 656, 662 (6th Cir. 2009).

Accordingly, this Court must determine if Sur Mer's petition contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "This standard does not require detailed factual allegations." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (internal quotation omitted). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing whether Sur Mer has met its burden, the Court accepts its well-pled factual allegations as true and draws all reasonable inferences in its favor. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## B.

Here the parties agree that to state a claim for relief Sur Mer must show that under § 853(n)(6)(A) it had a vested interest in the Bank Funds that is "superior to

9

any interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." (ECF No. 10, PageID.182 (citing *United States v. Dong Dang Huynh*, 595 F. App'x 336, 340 (5th Cir. 2014))); *see also Luis v. United States*, 578 U.S. 5, 15–16 (2016) (noting that § 853(n)(6)(A) "exempts certain property from forfeiture when a third party can show a vested interest in the property that is 'superior' to that of the Government.").

Sur Mer says it met that standard by alleging that "its interest in the Bank Funds vested in Sur Mer rather than Jankowski at the time of the 2010 criminal acts giving rise to the forfeiture, and that Sur Mer's interest was superior to Jankowski's at the time of his 2010 criminal acts" and by attaching the state court judgment awarding it $143,340.00 in damages. (ECF No. 10, PageID.182–183.) Judge Grand agreed, finding that because Sur Mer's petition alleged that Sur Mer's interest in the Bank Funds "was *vested in Sur Mer* rather than Jankowski based on the [state court] judgment which related to conduct that occurred almost four years before Jankowski's underlying criminal conduct in this case" Sur Mer had plausibly stated a claim under § 853(n)(6)(A). (ECF No. 20, PageID.235 (emphasis in original).)

This Court disagrees. Sur Mer's assertion that it had a vested interest in the Bank Funds that was superior to the government's interest is a legal conclusion that is not entitled to this Court's deference. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss); *Twombly*, 550 U.S. at 555 ("[A] legal conclusion couched as a factual allegation" need not be accepted as true). Indeed, as

10

the government explains, Judge Grand's report and recommendation fails to adequately grapple with the argument that "[u]nder the 'relation-back doctrine,' codified at 21 U.S.C. § 853(c), the United States' interest in the Bank Funds vested at the time Jankowski committed his criminal acts"—i.e., back in 2011. (ECF No. 23, PageID.244.) And Sur Mer did not have a vested interest in the Bank Funds until it received a favorable state court judgment in 2022. Put differently, Sur Mer's petition and Judge Grand's report fails to explain how Sur Mer's vested interest in the Bank Funds could possibly be superior to the Government's.

Start with when the government's interest in the Bank Funds vested: As one court aptly explained:

> Section 853(n)(6)(A) . . . embodies the relation-back doctrine. Under the relation-back doctrine, title to the forfeited property vests in the United States at the time of the defendant's criminal act. Nevertheless, a third party who had a legal interest in the forfeited property before the underlying crime was committed can prevail in the ancillary proceeding on the ground that he had an interest in the property before the government's interest vested.

*Timely*, 507 F.3d at 1130. But when the property at issue is the proceeds of an offense, "a third party *can never* have a successful claim under § 853(n)(6)(A)."[3] *Id.* That is

---

[3] Recognizing a narrow exception to this general rule, some courts have held that a constructive trust can operate to create a superior legal interest under § 853(n)(6)(A). *See Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 244–245 (2d Cir. 2011) (finding that a third party could show it had a superior legal interest to the forfeited property "if a constructive trust [was] properly . . . imposed on particular property that was in the possession of the defendant" because then "it was never truly the defendant's property and [would not be] subject to forfeiture to the United States in the first instance"); *United States v. Sze*, No. 22-0141, 2024 U.S. Dist. LEXIS 9098, at *36 n. 9 (D.N.J. Jan. 18, 2024). But here, Sur Mer has not pled any facts to support the imposition of a constructive trust.

11

because "the proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests." *Id.* (citing *United States v. Hooper*, 229 F.3d 818, 821–22 (9th Cir. 2000)); *see also Hooper*, 229 F.3d at 822 ("Proceeds of crime, however, do not precede the crime."); *United States v. Maddux*, No. 20-5972, 2022 U.S. App. LEXIS 17154, at *33–34 (6th Cir. 2022) (applying the relation-back doctrine to find that a home purchased with the proceeds of a crime was subject to forfeiture); *United States v. Catala*, 870 F.3d 6, 10–11 (1st Cir. 2017) (finding that a petitioner's preexisting state court judgment did not entitle him to the property that the government was seeking to recover through forfeiture).

Here, Judge Friedman found that the Bank Funds were subject to forfeiture because they were sufficiently related to Jankowski's criminal activities. *Jankowski*, No. 17-20401, ECF No. 251, PageID.4684 ("The defendant shall forfeit to the United States the following bank account funds . . . as property involved in the defendant's violations of Counts 1 and 2 of the Second Superseding Indictment."); *id.* at PageID.4685 ("The Bank Funds are hereby forfeited under 21 U.S.C. § 853 and 18 U.S.C. § 981(a)(1)(C), 982(a) for disposition according to law."). And the Second Superseding Indictment states that Jankowski's criminal conduct began in January of 2011. *See id.* at ECF No. 69, PageID.381–383. Accordingly, the government's interest in the Bank Funds—criminal proceeds—vested the moment those proceeds came into existence back in 2011.

With these legal principles in mind, it is unclear what *facts* could be learned at an ancillary hearing that would entitle Sur Mer to the Bank Funds. Indeed, Sur Mer did not have a pre-existing (pre-2011) legal judgment entitling it to any recovery from Jankowksi—the state court rendered its judgment in 2022.[4] No one disputes this fact—just its legal relevance.

And even if it did have a pre-existing state court judgment entitling it to $143,340.00 in recovery from Jankowski, federal law is clear that Sur Mer would not have a superior interest in the proceeds of Jankowski's crimes—that is, the money in the three JP Morgan Chase Bank Accounts at issue. *See Catala*, 870 F.3d at 11 ("This result conforms not only to the letter of the forfeiture statute but also to the polices behind it. After all, if a criminal defendant's forfeited cash could be used to defray his debts to general creditors, the defendant would continue to benefit from his illicit activities. Such a result would be at cross-purposes with the goals of criminal forfeiture.").

So, because Sur Mer's petition fails to plausibly allege facts from which relief could be granted, the Court will SUSTAIN the government's objection. *See United States v. Sigillito*, 938 F. Supp. 2d 877, 884 (E.D. Mo. 2013) (citing *United States v.*

---

[4] Throughout its briefing Sur Mer implies that its "legal interest" in the Bank Funds is superior to the government's interest because "the conduct leading to the entry of the [state court] Judgment involved Jankowski's acts dating back to 2006—nearly four years before the criminal conduct for which Jankowski was convicted in this matter." (ECF No. 2, PageID.4.) But the state court did not find that Sur Mer had any legal right to recover damages from Jankowski until it rendered its judgment in 2022. (*Id*. at PageID.13.) That is when Sur Mer became a judgment creditor. And Sur Mer provides no authority to support an assertion that its right to the particular funds at issue would have vested back in 2006.

13

*White*, 675 F.3d 1073, 1077 (8th Cir. 2012) ("The [C]ourt need not hold a hearing on a petition if it is clear the petitioner could not prevail even if a hearing were granted.") (cleaned up); s*ee also United States v. Oregon*, 671 F.3d 484, 488 (4th Cir. 2012) (describing the steps of an ancillary proceeding and noting that a district court need not hold a hearing if it grants a motion to dismiss).

## IV.

For the reasons above, the Court ADOPTS IN PART and REJECTS IN PART Judge Grand's Report and Recommendation (ECF No. 20). More specifically, the Court will adopt Judge Grand's recommendation that Sur Mer's petition should not be dismissed for lack of standing under Federal Rule of Civil Procedure 12(b)(1). But, because the Court finds that Sur Mer has not stated a claim under Federal Rule of Civil Procedure 12(b)(6), the Court will SUSTAIN the government's objection (ECF No. 23) and GRANT its motion to dismiss Sur Mer's petition (ECF No. 9).

SO ORDERED.

Dated: April 1, 2025

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE